IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH MITCHELL,

      Petitioner,                    No. CIV S-05-1491 DFL GGH P

     vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

      Respondent.                  ORDER

_____/

      Petitioner, a state prisoner proceeding pro se, has purported to file a petition pursuant to 28 U.S.C. §2254, together with an application to proceed in forma pauperis. The court will not rule on the application to proceed in forma pauperis at this time because this action will be dismissed without prejudice and petitioner will be granted leave to proceed as plaintiff in a civil rights action, which he may elect not to do.[1]

\\\\\

---

[1] If the court granted petitioner, as plaintiff, in forma pauperis status at this time for the filing of a civil rights action, plaintiff would incur and be assessed a $250.00 filing fee to be paid in installments; granting in forma pauperis status for the filing of a habeas petition, which requires a much smaller filing fee, would waive the $5.00 filing fee. 28 U.S.C. §§ 1914(a), 1915(b)(1).

1

"Petition"

Petitioner states that he is an illegal alien from Canada serving a 15 year to life term for one count of second degree murder. Petitioner names the California Department of Corrections (CDC); the Board of Prison Terms (BPT) and the "Office of Administrative Law" as "defendants"[2] in his "petition." He challenges as "unconstitutionally vague" Cal. Penal Code § 2931 and CAL. CODE REGS. tit.xv, § 3041(a). Petition, pp. 1-4; 10-12.

Cal. Penal Code § 2931 codifies the application of good time credit to the sentences of state prisoners. CAL. CODE REGS. tit.xv, § 3041(a) is a prison regulation requiring inmates to perform their assigned tasks "diligently and conscientiously."

Petitioner contends that the "defendants" have forced illegal aliens to work for the prison system under threat of punishment and that CAL. CODE REGS. tit.xv, § 3041(a) is unconstitutionally vague because within the regulation there is no statutory federal authority referenced allowing or requiring the employment of illegal aliens within the state's prison system. Moreover, there is no authority for allowing workers' compensation benefits for illegal aliens as there are for incarcerated American citizens and California natives. Further, the basis for requiring inmates to work and receive vocational training is so that, upon their release, inmates can use the work experience and training, whereas, petitioner, as an illegal alien with an INS (Immigration and Naturalization Service) hold, will be immediately deported to the Canadian prison system upon his release from prison in California. Making illegal aliens work in prison jobs also takes such jobs from incarcerated U.S. citizens. Requiring illegal aliens to work

---

[2] If this action were properly brought as a petition, petitioner would be required to "name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). Petitioner has further confused the issue by naming "defendants," rather than a "respondent."

violates federal statutes. Petition, pp. 2-3.

Under Cal. Penal Code § 2931, illegal aliens are forced to work to earn good time/work time credits but the state statute does not set forth federal authority for doing so. Petition, pp. 3-4. Petitioner claims that CAL. CODE REGS. tit.xv, § 3041(a) violates 8 U.S.C. § 1324(a)(3)(a)[3] and 29 U.S.C. § 158(a)(3).[4] Petition, pp. 4-5. Petitioner maintains that the United States Transfer Treaty Agreement must be enforced per Cal. Govt. Code § 12012.1,[5] and petitioner returned to the Canadian prison system, where his work and vocational training will be legal and not at the expense of California taxpayers. Petition, p. 4. Petitioner seeks injunctive relief in the form of this court's directing CDC officials to stop forcing illegal aliens to work in prison and in the form of an order allowing petitioner to be transferred to his native country's penal system. Petition, p. 9.

Discussion

This "petition" must be dismissed but petitioner, as plaintiff, will be granted leave to amend to file a civil rights action pursuant to 42 U.S.C. § 1983.

The Supreme Court has recently stated:

> § 1983 must yield to the more specific federal habeas statute with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. See Preiser v. Rodriguez, 411 U.S.

---

[3] "Any person who, during any 12-month period, knowingly hires for employment at least 10 individuals with actual knowledge that the individuals are aliens...shall be fined under Title 18 or imprisoned for not more than 5 years, or both."

[4] This provision proscribes unfair labor practices by employers in the form of, inter alia, discriminating against any employee for membership or non-membership in a labor organization "in regard to hire or tenure of employment."

[5] "Whenever a treaty is in force providing for the transfer of offenders between the United States and a foreign country, the Governor or his designee is authorized to give the approval of the state to a transfer as provided in the treaty, upon the application of a person under the jurisdiction of the Department of Corrections, the Department of the Youth Authority, and the State Department of Health Services."

> 475, 489, 93 S. Ct. 1827 [] (1973). Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983. <u>Ibid</u>. By contrast constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance. See <u>Muhammad v. Close</u>, 540 U.S.749 , 750, 124 S.Ct. 1303, 1304 [] (2004) (per curiam); <u>Preiser</u>, <u>supra</u>, at 498-499, 93 S. Ct. 1827.

<u>Nelson v. Campbell</u>, 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004):

Following <u>Nelson</u>, in <u>Wilkinson v. Dotson</u>, <u>supra</u>, the Supreme Court allowed state prisoners to proceed under 42 U.S.C. § 1983 in their challenge to the constitutionality of state procedures used to deny parole eligibility and parole suitability because such claims:

> do not fall within the implicit habeas exception. Dotson and Johnson seek relief that will render invalid the state procedures used to deny parole eligibility (Dotson) and parole suitability (Johnson). See <u>Wolff</u>, <u>supra</u>, at 554-555, 94 S.Ct. 2963. Neither respondent seeks an injunction ordering his immediate or speedier release into the community. See <u>Preiser</u>, 411 U.S., at 500, 93 S.Ct. 1827; <u>Wolff</u>, <u>supra</u>, at 554, 94 S.Ct. 2963. And as in <u>Wolff</u>, a favorable judgment will not "necessarily imply the invalidity of [their] conviction[s] or sentence[s]." <u>Heck</u>, <u>supra</u>, at 487, 114 S.Ct. 2364. Success for Dotson does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed *consideration* of a new parole application. Success for Johnson means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term. See <u>Ohio Rev. Code Ann</u>. § 2967.03 (Lexis 2003) (describing the parole authority's broad discretionary powers); <u>Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth</u>. 929 F.2d 233, 236 (C.A.6 1991) (same); see also Tr. of Oral Arg. 18 (petitioners' counsel conceding that success on respondents' claims would not inevitably lead to release). Because neither prisoner's claim would necessarily spell speedier release, neither lies at "the core of habeas corpus." <u>Preiser</u>, 411 U.S., at 489, 93 S.Ct. 1827. Finally, the prisoners' claims for *future* relief (which, if successful, will not necessarily imply the invalidity of confinement or shorten its duration) are yet more distant from that core. See <u>Balisok</u>, <u>supra</u>, at 648, 117 S.Ct. 1584.

<u>Wilkinson</u>, <u>supra</u>, at 1248 [emphasis in original].

In this case, petitioner specifically challenges the conditions of his confinement in challenging the constitutionality of specific statutes as it relates to those conditions. He seeks

4

injunctive relief in a form that does not implicate the length, fact or duration of his sentence.

A prisoner seeking a different program, location or environment "is challenging the conditions rather than the fact of his confinement, and his remedy is under civil rights law, even if... the ...location ...he is challenging is more restrictive than the alternative he seeks...." [citation omitted]. U.S., ex rel. Christopher Rickard v. Sternes, 149 F. Supp.2d 437, 444-445 (N.D. Ill. 2001)(British citizen incarcerated in Illinois who demands to serve the remainder of his sentence in the United Kingdom is making a civil rights claim).  The Seventh Circuit has observed that the same analysis is applicable to prisoners seeking intrastate transfer as to those seeking an international prison transfer.  Id, citing Scalise v. Thornburgh, 891 F.2d 640, 649 n. 10 (7th Cir. 1989).  Petitioner, must proceed, if at all, pursuant to 42 U.S.C. § 1983.

This petition will be dismissed without prejudice and plaintiff will be granted thirty days to file a civil rights complaint on the form to be provided by the Clerk of the Court. If plaintiff chooses to amend the complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The petition is dismissed without prejudice for the reasons discussed above, with leave to file a civil rights complaint within thirty days from the date of service of this order. Failure to file a civil rights complaint will result in a recommendation that the action be dismissed;

2. Should plaintiff file a civil rights action timely, the court will rule at that time on his request to proceed in forma pauperis and will, at that time, direct the Clerk to re-designate this case as one brought pursuant to 42 U.S.C. § 1983;

3. The Clerk of the Court is directed to provide plaintiff with a form for filing a civil rights action by a prisoner in this district.

DATED: 2/16/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
mitc1491.ord